UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRICK BLOCK,<br><br>  Plaintiff,<br><br>  v.<br><br>ANY MERCED INC.,<br><br>  Defendant. | Case No. 1:21-cv-01251-NONE-EPG<br><br>ORDER VACATING HEARING, REQUIRING SUPPLEMENTAL BRIEFING AS TO SERVICE<br><br>(ECF No. 8) |

  This matter is before the Court on Plaintiff Hendrik Block's motion for default judgment in this case brought under the American with Disabilities Act and California's Unruh Act, alleging that Defendant Any Merced Inc., identified as owning, operating, and/or leasing the relevant Facility, denied Plaintiff full and equal enjoyment and use of the goods, services, facilities, privileges and accommodations offered at the Facility during Plaintiff's visit. (ECF No. 8).

  Upon review of the motion, the Court concludes that it can be determined without oral argument and thus the Court will vacate the hearing set for December 3, 2021. *See* Local Rule 230(g).

  However, the Court will order Plaintiff to file a supplemental brief in support of the motion for default judgment.

  "Before assessing the merits of a default judgment," a court must address certain

1    preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No.
2    20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and*
3    *recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25,
4    2021). As to service, Plaintiff's motion argues that "Defendant was properly served pursuant to
5    Federal Rule of Civil Procedure 4(h)(1)(B)." (ECF No. 8-1, p. 11).

6         Federal Rule of Civil Procedure 4(h)(1)(b) provides that "a domestic or foreign
7    corporation, or a partnership or other unincorporated association that is subject to suit under a
8    common name, must be served" by a plaintiff "delivering a copy of the summons and of the
9    complaint to an officer, a managing or general agent, or any other agent authorized by
10   appointment or by law to receive service of process and--if the agent is one authorized by statute
11   and the statute so requires--by also mailing a copy of each to the defendant." Here, Plaintiff
12   contends that service was proper under this Rule because Plaintiff (1) delivered the summons and
13   complaint to the "person apparently in charge" at the business address of Defendant's registered
14   agent for service of process and (2) also mailed these documents to Defendant's registered agent.
15   (ECF No. 8-1, p. 11).

16        Plaintiff's motion never specifies who the "person apparently in charge" is that
17   purportedly received the summons and complaint.  The Court notes that the proof of service that
18   Plaintiff filed identifies this person as "John Doe (Refused Name)." (ECF No. 5, p. 2). There is
19   nothing to suggest that the John Doe whom Plaintiff served is "an officer, a managing or general
20   agent, or any other agent authorized by appointment or by law to receive service of process"
21   under Rule 4(h)(1)(B). However, the Ninth Circuit has concluded that service is not strictly
22   limited to such categories of persons but that "service can be made upon a representative so
23   integrated with the organization that he will know what to do with the papers. Generally, service
24   is sufficient when made upon an individual who stands in such a position as to render it fair,
25   reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists*,
26   *Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation
27   marks and citations omitted). Determining whether a person fits this description requires "a
28   factual analysis of that person's authority within the organization." *Id.* (internal citation omitted).

However, here Plaintiff has provided no facts showing that the John Doe was a person with sufficient authority to accept service. *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, No. C-04-3955 SC (JCS), 2009 WL 4258550, at *2 (N.D. Cal. Nov. 24, 2009) (concluding that service of subpoenas on administrative assistant was not proper under Rule 4(h)(1)(B) where "there [was] no evidence that [she] [was] a person with sufficient authority to accept personal service" on behalf of a gaming agency).

Likewise, Plaintiff's argument that service was achieved under Rule 4(h)(1)(B) by the mailing of the complaint and summons to Defendant's registered agent is likewise insufficient to establish service. Importantly, "Rule 4(h)(1) does not provide for service by mail." *Schauf v. Am. Airlines*, No. 1:15-CV-01172-SKO, 2015 WL 5647343, at *4 (E.D. Cal. Sept. 24, 2015). "Although the Federal Rules of Civil Procedure do not explicitly define the term 'delivery' under Rule 4(h)(1)(B), courts have determined that Rule 4 requires personal service." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. C 09-1115 SI, 2009 WL 4874872, at *2 (N.D. Cal. Oct. 6, 2009); *see also DH Holdings, LLC v. Meridian Link, Inc.*, No. CV 09-9117 ABC, 2010 WL 11597616, at *2 (C.D. Cal. Apr. 9, 2010) ("Plaintiff cites no case law interpreting 'delivering' in Rule 4(h)(1)(B) to allow for service by mail, which is not surprising as courts have uniformly rejected the possibility that the term 'delivering' includes service by mail.").

Based on the foregoing, IT IS ORDERED as follows:

1. The hearing set for December 3, 2021 (ECF No. 10) is vacated;
2. Plaintiff shall have until December 17, 2021 to file a supplemental brief in support of Plaintiff's motion for default judgment, specifically addressing how service was proper.

IT IS SO ORDERED.

Dated:  **November 30, 2021**           /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE

3