1
2
3
4
5
6
7                           UNITED STATES DISTRICT COURT
8                          EASTERN DISTRICT OF CALIFORNIA
9

| | |
|---|---|
| 10   HENDRICK BLOCK, | Case No. 1:21-cv-01251-NONE-EPG |
| 11                    Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S |
| 12              v. | MOTION FOR DEFAULT JUDGMENT BE DENIED |
| 13 | |
| 14   ANY MERCED INC., | (ECF Nos. 8, 14) |
| 15                    Defendant. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

16        This matter is before the Court on Plaintiff Hendrik Block's motion for default judgment.

17  (ECF No. 8). For the reasons given below, the Court will recommend that the motion be denied

18  due to Plaintiff's failure to demonstrate that Defendant was properly served.[1]

19  **I.      BACKGROUND**

20        On August 17, 2021, Plaintiff filed this action under the American with Disabilities Act

21  and California's Unruh Act, alleging that he is disabled and encountered barriers at Defendant's

22  facility which denied Plaintiff the ability to use and enjoy the goods, services, privileges and

23  accommodations offered at the facility. (ECF No. 1). On October 18, 2021, Plaintiff requested

24  and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a). (ECF Nos. 6,

25  7). On October 28, 2021, Plaintiff filed a motion for default judgment under Rule 55(b). (ECF

26

27  _____

[1] A motion for default judgment is considered a dispositive matter that requires the issuance of findings
28  and recommendations. *See Livingston v. Art.com, Inc.*, No. 3:13-CV-03748-CRB, 2015 WL 4307808, at
    *2 (N.D. Cal. July 15, 2015).

1    No. 8). As to service, Plaintiff's motion argued that "Defendant was properly served pursuant to

2    Federal Rule of Civil Procedure 4(h)(1)(B)." (ECF No. 8-1, p. 11). Concluding that Plaintiff had

3    failed to show proper service under Rule 4(h)(1)(B), the Court entered an order on November 30,

4    2021, requiring Plaintiff to file a supplemental brief addressing how service was properly

5    achieved. (ECF No. 13). On December 17, 2022, Plaintiff file a supplemental brief arguing that

6    service was achieved under a different provision, Rule 4(h)(1)(A). (ECF No. 14).

7    **II.      ANALYSIS**

8         "Before assessing the merits of a default judgment," a court must address certain

9    preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No.

10   20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and*

11   *recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25,

12   2021). As to service in this case, Plaintiff's supplemental brief argues that "Plaintiff has met the

13   requirement of Federal Rule of Civil Procedure 4(h)(1)(A) by serving Defendant in the manner

14   prescribed by state law within this district." (ECF No. 14, p. 3).

15        Federal Rule of Civil Procedure 4(h)(1)(A) provides that "a domestic or foreign

16   corporation, or a partnership or other unincorporated association that is subject to suit under a

17   common name, must be served" by a plaintiff "in the manner prescribed by Rule 4(e)(1) for

18   serving an individual." Under Rule 4(e)(1), an individual, may be served by "following state law

19   for serving a summons in an action brought in courts of general jurisdiction in the state where the

20   district court is located or where service is made."

21        Plaintiff points to California Code of Civil Procedure § 415.20(a) as the state law that was

22   complied with here, which provides as follows:

23            In lieu of personal delivery of a copy of the summons and complaint to the person
             to be served as specified in Section 416.10, 416.20, 416.30, 416.40, or 416.50, a
24           summons may be served by leaving a copy of the summons and complaint during
             usual office hours in his or her office or, if no physical address is known, at his or
25           her usual mailing address, other than a United States Postal Service post office
             box, with the person who is apparently in charge thereof, and by thereafter mailing
26           a copy of the summons and complaint by first-class mail, postage prepaid to the
             person to be served at the place where a copy of the summons and complaint were
27           left. When service is effected by leaving a copy of the summons and complaint at a
             mailing address, it shall be left with a person at least 18 years of age, who shall be
28

2

> informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

(ECF No. 14, p. 2). Specifically, Plaintiff states that Defendant was served via its registered agent, Ade Mohamed, at his listed address, 2272 Beachwood Drive, Merced, California, by way of delivery of the summons and complaint "to a 40-year-old male who was apparently in charge, but refused to provide his name." (*Id.*). Thereafter, the relevant documents were "mailed to Mohamed as registered agent for Defendant, at the same address where the documents were served." (*Id.* at 3). Upon review of this argument in support of service and the relevant legal authority, Plaintiff has failed to demonstrate proper service for at least two reasons.

First, it is true that substituted service under § 415.20(a) is a permissible mechanism to serve a corporation. However, "[f]or substituted service to be reasonably calculated to give an interested party notice of the pendency of the action and an opportunity to be heard, [s]ervice must be made upon a person whose relationship to the person to be served makes it more likely than not that they will deliver process to the named party." *Produce v. California Harvest Healthy Foods Ranch Mkt.*, No. C-11-04814 DMR, 2012 WL 259575, at *3 (N.D. Cal. Jan. 27, 2012) (internal quotation marks and citations omitted). "California courts and commonly used secondary sources have found that persons 'apparently in charge' may include secretaries, receptionists, and door keepers." *Vasic v. Pat. Health, L.L.C.*, No. 13CV849 AJB (MDD), 2013 WL 12076475, at *3 (S.D. Cal. Nov. 26, 2013).

Here, while Plaintiff asserts that the documents were left with a person "apparently in charge," Plaintiff has failed to offer sufficient facts to support this assertion. Rather, Plaintiff has only offered enough for the Court to conclude that the documents were delivered to an unknown man at the relevant address who refused to provide his name. (*See* ECF No. 5, No. 14, p. 2). It is not clear if this person was an employee of Defendant. Such minimal information is insufficient to conclude that this John Doe was "apparently in charge." *See Produce*, 2012 WL 259575, at *4 (concluding that Plaintiff had failed to show that papers were left with a person "apparently in charge" when papers were left with employee with an unknown job title and where there may have been a "language barrier"); *NGV Gaming, Ltd. v. Upstream Point Molate*, LLC, No. C-04-

3955 SC (JCS), 2009 WL 4258550, at *3 (N.D. Cal. Nov. 24, 2009) (concluding that "[l]eaving papers on the desk of a receptionist without any information that the receptionist would know what to do with the papers, is insufficient" to meet the "apparently in charge" requirement). And, although Plaintiff thereafter mailed a copy of the documents to Ade Mohamed, "substitute service on Defendant nonetheless was not effected since Plaintiff failed, beforehand, to leave the documents with the person 'apparently in charge' of the business." *See Produce*, 2012 WL 259575, at *4.

Second, even assuming, *arguendo*, that Plaintiff had complied with § 415.20(a), Plaintiff has not established that he complied with another requirement of state law found in § 412.30:

> In an action against a corporation or an unincorporated association (including a partnership), the copy of the summons that is served shall contain a notice stating in substance: "To the person served: You are hereby served in the within action (or special proceeding) on behalf of (here state the name of the corporation or the unincorporated association) as a person upon whom a copy of the summons and of the complaint may be delivered to effect service on said party under the provisions of (here state appropriate provisions of Chapter 4 (commencing with Section 413.10) of the Code of Civil Procedure)." If service is also made on such person as an individual, the notice shall also indicate that service is being made on such person as an individual as well as on behalf of the corporation or the unincorporated association.
>
> If such notice does not appear on the copy of the summons served, no default may be taken against such corporation or unincorporated association or against such person individually, as the case may be.

Notably, as a requirement of service under § 415.20, proof by affidavit of such service is required by § 417.10, "showing the time, place, and manner of service and facts showing that the service was made in accordance with this chapter." Here, the proof of service does not specifically indicate that the required notice under Rule 412.30 was provided to Defendant.[2] (*See* ECF No. 5).

## III.   RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's motion for default judgment (ECF No. 8) be denied.

---

[2] The Court notes that the proof of service affirms that an "Advisory Notice to Defendant" was provided; however, it is unclear if this is the same notice required by § 412.30.

1    These findings and recommendations will be submitted to the United States district judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

3  (14) days after being served with these findings and recommendations, Plaintiff may file written

4  objections with the Court. The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations." Plaintiff is advised that failure to file objections within the

6  specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,

7  838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

8

9  IT IS SO ORDERED.

10    Dated:   **January 4, 2022**                    /s/ *Erica P. Grosjean*

11                                                    UNITED STATES MAGISTRATE JUDGE