UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRICK BLOCK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANY MERCED INC.,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01251-NONE-EPG<br><br>ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO SERVE DEFENDANT<br><br>(ECF No. 17) |

　　　　On August 17, 2021, Plaintiff filed this action under the American with Disabilities Act and California's Unruh Act, alleging that he is disabled and encountered barriers at Defendant's facility which denied Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the facility. (ECF No. 1).

　　　　After obtaining a clerk's entry of default under Federal Rule of Civil Procedure 55(a), Plaintiff moved under Rule 55(b) for entry of a default judgment on October 28, 2021. (ECF Nos. 6, 7, 8). Concluding that Plaintiff had failed to show proper service under Federal Rule of Civil Procedure 4(h)(1)(B), the Court entered an order on November 30, 2021, requiring Plaintiff to file a supplemental brief addressing how service was properly achieved. (ECF No. 13). On December 17, 2022, Plaintiff file a supplemental brief arguing that service was achieved under a different provision, Rule 4(h)(1)(A). (ECF No. 14). Concluding that service also had not been demonstrated under that provision, the Court issued findings and recommendations on January 5,

2022, recommending that Plaintiff's motion for default judgment be denied.

Plaintiff filed no objections; however, on January 20, 2022, Plaintiff filed a "response" acknowledging that service had not been achieved but requesting additional time to do so under Federal Rule of Civil Procedure 4(m):

> Plaintiff made a good faith effort to serve Defendant within the time permitted by Federal Rule of Civil Procedure 4(m), and given the process server's attestations, reasonably believed that Defendant had been properly served. There is no indication that Plaintiff will be unable to properly effect service on Defendant. It would be an unnecessary duplication of resources to require Plaintiff to re-file the action in its entirety before attempting again. Plaintiff requests that, if the Court adopts the Findings and Recommendations and denies his motion for default judgment on the basis of lack of proper service, the Court find good cause to extend the time limit for service by 90 days so that he may make another attempt to effect proper service.

(ECF No. 17).

On January 21, 2022, the District Judge adopted the findings and recommendations in full and referred the case back for further proceedings, noting in its order the request for extension of time to serve Defendant. (ECF No. 18). Accordingly, this action is now before the Court for further proceedings.

Importantly, the case cannot proceed until service has been achieved. On this issue, the Court notes Plaintiff's request to have additional time to serve Defendant. (ECF No. 17). Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Notably, "[c]ourts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice." *In re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

Here, upon review of Plaintiff's efforts to achieve service, albeit unsuccessful, the Court will exercise its discretion to extend the time for service to April 22, 2022.

2

Accordingly, IT IS ORDERED that Plaintiff's request for an extension of time to complete service (ECF No. 17) is granted, with service being required to be completed no later than April 22, 2022. If service is achieved by this date, the Court will issue an order setting an initial scheduling conference. If service is not achieved by this date, Plaintiff is warned that this action may be dismissed without prejudice under Rule 4(m).

IT IS SO ORDERED.

Dated: **January 24, 2022**         /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE