1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                             EASTERN DISTRICT OF CALIFORNIA

9

10    HENDRICK BLOCK,                              Case No. 1:21-cv-01251-JLT-EPG

11                    Plaintiff,                    ORDER VACATING HEARING,
                                                    REQUIRING SUPPLEMENTAL
12           v.                                     BRIEFING AS TO SERVICE

13                                                  (ECF No. 26)

      ANY MERCED INC.,
14
                     Defendant.
15

16          This matter is before the Court on Plaintiff Hendrik Block's motion for default judgment

17    in this case brought under the American with Disabilities Act and California's Unruh Act,

18    alleging that Defendant Any Merced Inc., identified as owning, operating, and/or leasing the

19    relevant Facility, denied Plaintiff full and equal enjoyment and use of the goods, services,

20    facilities, privileges and accommodations offered at the Facility during Plaintiff's visit. (ECF No.

21    26). However, before addressing the motion, the Court will order Plaintiff to file a supplemental

22    brief in support of the motion for default judgment, and will thus vacate the hearing set for May

23    27, 2022, to permit Plaintiff time to file, and for the Court to consider, the supplemental

24    information presented. (ECF Nos. 26, 27).

25          "Before assessing the merits of a default judgment," a court must address certain

26    preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No.

27    20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and*

28
                                                    1

1   *recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25,

2   2021). As to service, Plaintiff's motion asserts that "Defendant was properly served pursuant to

3   Federal Rule of Civil Procedure 4(h)(1)(B)) by delivering a copy of the summons and Complaint

4   to Sulthan Thabit, its director." (ECF No. 26-1, p. 10; *see* ECF No. 21).

5           Federal Rule of Civil Procedure 4(h)(1)(b) provides that "a domestic or foreign

6   corporation, or a partnership or other unincorporated association that is subject to suit under a

7   common name, must be served" by a plaintiff "delivering a copy of the summons and of the

8   complaint to an officer, a managing or general agent, or any other agent authorized by

9   appointment or by law to receive service of process and--if the agent is one authorized by statute

10  and the statute so requires--by also mailing a copy of each to the defendant." Here, Plaintiff

11  contends that service was proper under this Rule because Plaintiff delivered the summons and

12  complaint to Thabit, Defendant's director. In support, Plaintiff attaches a "statement of

13  information" from the California Secretary of State, which identifies Thabit as a director of Any

14  Merced, Inc., and Plaintiff references the proof of service, stating that Thabit was personally

15  served with the summons and complaint on February 6, 2022. (ECF No. 21; ECF No. 26-3, p.

16  16).

17          Plaintiff's purported service was made on a director, who is not necessarily "an officer, a

18  managing or general agent" as specifically listed under Rule 4(h)(1)(B). While, the Ninth Circuit

19  has concluded that service is not strictly limited to such categories of persons, service must "be

20  made upon a representative so integrated with the organization that he will know what to do with

21  the papers. Generally, service is sufficient when made upon an individual who stands in such a

22  position as to render it fair, reasonable and just to imply the authority on his part to receive

23  service." *Direct Mail Specialists*, *Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th

24  Cir. 1988) (internal quotation marks and citations omitted). Determining whether a person fits this

25  description requires "a factual analysis of that person's authority within the organization." *Id.*

26  (internal citation omitted).

27          Here—although Plaintiff identifies Thabit as a director—the Court believes a

28  supplemental filing is warranted that offers additional facts and argument showing that the Thabit

1    was a person with sufficient authority to accept service. *See Aussieker v. M&S Green-Power*

2    *Energy, Inc.*, No. 2:18-CV-03234-JAM-AC, 2019 WL 2183783, at *3 (E.D. Cal. May 21, 2019)

3    ("Beyond [the] title [of manager]—which could mean many different things depending on the

4    business's size and structure—there is no indication of McCloud's particular role at M&S.

5    Without more information as to McCloud's authority within the company, the undersigned cannot

6    conclude that M&S was properly served [in part, under Rule 4(h)(1)(B)] by leaving the service

7    papers with him.").

8         Additionally, the Court notes that Rule 4(e)(1) permits service by "following state law for

9    serving a summons in an action brought in courts of general jurisdiction in the state where the

10   district court is located or where service is made." One provision that might be applicable here is

11   California Code of Civil Procedure § 416.10(b), which provides that a corporation may be served

12   by delivering a copy of the summons and complaint "[t]o the president, chief executive officer, or

13   other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or

14   assistant treasurer, a controller or chief financial officer, a general manager, or a person

15   authorized by the corporation to receive service of process." While it is not clear whether

16   Plaintiff's service would be sufficient under this provision, if Plaintiff wishes to rely on this

17   position, it may explain that in a supplemental briefing, and should likewise provide details and

18   argument regarding whether Thabit's position was sufficient to authorize Thabit to accept service

19   on behalf of Defendant. *See Aussieker*, 2019 WL 2183783, at *3 (noting that more information

20   was needed as to person's authority within company to establish service under § 416.10).

21        Based on the foregoing, IT IS ORDERED as follows:

22        1.      The hearing set for May 27, 2022 (ECF Nos. 26, 27) is vacated;

23        2.      Plaintiff shall have until June 10, 2022, to file a supplemental brief in support of

24   Plaintiff's motion for default judgment, specifically addressing how service was properly

25   achieved under Rule 4(h)(1)(B). Alternatively, Plaintiff may argue that service was properly

26   achieved under a separate provision by specifically identify such provision and addressing how

27   service was met under the provision's requirements for service.

28   \\\

3.      The Court will reset the hearing if necessary at a later date.

IT IS SO ORDERED.

Dated:    **May 23, 2022**                      /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE