UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENDRICK BLOCK, | Case No. 1:21-cv-01251-JLT-EPG |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED |
| v. | |
| ANY MERCED INC., | (ECF Nos. 26, 29) |
| Defendant. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

This matter is before the Court on Plaintiff Hendrik Block's motion for default judgment and supplement thereto. (ECF No. 26, 29). For the reasons given below, the Court will recommend that the motion be denied due to Plaintiff's failure to demonstrate that Defendant Any Merced Inc. was properly served.[1]

**I.   BACKGROUND**

On August 17, 2021, Plaintiff filed this action under the American with Disabilities Act and California's Unruh Act, alleging that he is disabled and encountered barriers at Defendant's facility which denied Plaintiff the ability to use and enjoy the goods, services, privileges and accommodations offered at the facility. (ECF No. 1). Plaintiff later requested and obtained a

---

[1] A motion for default judgment is considered a dispositive matter that requires the issuance of findings and recommendations. *See Livingston v. Art.com, Inc.*, No. 3:13-CV-03748-CRB, 2015 WL 4307808, at *2 (N.D. Cal. July 15, 2015).

clerk's entry of default under Federal Rule of Civil Procedure 55(a). (ECF Nos. 6, 7). On October 28, 2021, Plaintiff filed a motion for default judgment under Rule 55(b). (ECF No. 8). This motion for default judgment was ultimately denied for failure to establish service on Defendant, but Plaintiff was given an extension of time to complete service. (ECF Nos. 15, 17, 18, 19).

After filing a proof of service and obtaining another clerk's entry of default, Plaintiff filed a motion for default judgment on March 23, 2022, asserting that Defendant was properly served under Federal Rule of Civil Procedure 4(h)(1)(B) by delivering a copy of the summons and complaint on Sulthan Thabit, a director for Defendant. (ECF Nos. 21, 23, 24, 26). Upon review of the motion, the Court directed Plaintiff to file a supplement offering additional facts and argument showing that the Thabit was a person with sufficient authority to accept service. (ECF No. 28). Additionally, the Court granted Plaintiff leave to argue in the supplement that service was achieved under a different provision for service, such as California Code of Civil Procedure § 416.10(b), which the Court noted might be applicable.

On June 10, 2022, Plaintiff filed a supplemental brief, arguing that service was achieved under Rule 4(h)(1)(B) and California law.

**II.    STANDARDS**

"Before assessing the merits of a default judgment," a court must address certain preliminary issues, such as "the adequacy of service on the defendant." *Forestiere v. Bazzi*, No. 20-cv-03543-DMR, 2021 WL 2638052, at *2 (N.D. Cal. June 8, 2021), *report and recommendation adopted*, No. 20-CV-03543-WHO, 2021 WL 2633393 (N.D. Cal. June 25, 2021). It is critical to ensure that proper service is achieved because "Federal courts cannot exercise personal jurisdiction over a defendant without proper service of process." *Zhang v. Tse*, No. C 05-2641 JSW, 2012 WL 3583036, at *2 (N.D. Cal. Aug. 20, 2012); *see San Antonio Winery, Inc. v. Jiaxing Micarose Trade Co., Ltd.*, No. CV-20-9663-GW-KSX, 2021 WL 6752252, at *2 (C.D. Cal. Apr. 5, 2021) ("As a threshold matter [to ruling on a motion for default judgment], however, the Court must first confirm jurisdiction over both the subject matter and the parties."). Plaintiff "bear[s] the burden of proving proper service" in connection with the motion for default judgment. *Aussieker v. Lee*, No. 2:19-CV-00365-JAM-CKD (PS), 2020 WL 3961951,

at *1 (E.D. Cal. July 13, 2020).

## III. ANALYSIS

Plaintiff's supplement argues that service was achieved on Thabit, a director of Defendant's corporation, under Federal Rule of Civil Procedure 4(h)(1)(B) and California law. The Court considers each in turn.

### A. Rule 4(h)(1)(B)

Federal Rule of Civil Procedure 4(h)(1)(B) provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" by a plaintiff "delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B). Plaintiff's purported service was made on a director, who is not necessarily "an officer, a managing or general agent, or any other agent authorized" to receive service under Rule 4(h)(1)(B).

While the Ninth Circuit has concluded that service is not strictly limited to such categories of persons, service must "be made upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks and citations omitted). Determining whether a person fits this description requires "a factual analysis of that person's authority within the organization." *Id.* (internal citation omitted). "Courts view managing agents and/or general managers as employees who have some substantial authority within a corporation." *Aussieker v. M&S Green-Power Energy, Inc.*, No. 2:18-CV-03234-JAM-AC, 2019 WL 2183783, at *3 (E.D. Cal. May 21, 2019). And, "[w]hile Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the action, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction' absent substantial compliance with its requirements." *Syscom (USA), Inc. v. Nakajima USA, Inc.*, No. CV-1407137-AB (JPRx), 2020 WL 5357784, at *3 (C.D. Cal. Jan. 29, 2020) (quoting *Benny*

3

*v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

The Court's prior order directed Plaintiff to provide additional facts and argument in Plaintiff's supplement addressing how Thabit was a person with sufficient authority to accept service under Rule 4(h)(1)(B). Plaintiff's supplement states that "[s]ervice on a corporation's director satisfies the requirements for service on the corporation under Rule 4(h)(1)(B)," citing *Zweig v. Yosi Inc.*, No. 17-CV-05624-MEJ, 2018 WL 2537989, at *3 (N.D. Cal. June 4, 2018). (ECF No. 29, p. 2). *Zweig* addressed a motion for default judgment, and in reviewing the motion, concluded, without discussion, that service on a person who was identified as a director of a corporation satisfied the requirements of Rule 4(h)(1)(B). *Zweig*, 2018 WL 2537989, at *3. However, in that case, the person who was served was also identified as an officer. *Zweig*, 2018 WL 2537989, at *3 ("Zweig personally served an officer of Yosi with the summons and complaint."); Fed. R. Civ. P. 4(h)(1)(b) (authorizing service on an "officer" of a corporation). Moreover, in *Zweig*, the Court noted that the CEO of the corporation, "discussed the lawsuit with Zweig and Zweig's attorney," and thus knew that the suit had been filed. *Zweig*, 2018 WL 2537989, at *6. This additional information further supported that service was fair in that instance. *See Direct Mail Specialists, Inc.*, 840 F.2d at 688 (in evaluating service, courts can look to the "actual receipt of process by the correct person [as] a factor in finding process valid when there are other factors that make process fair"). Furthermore, in a later order, the *Zweig* Court noted that service was also proper upon the corporation under a New York state law provision, N.Y. C.P.L.R. § 311(a)(1), which specifically authorizes service upon a corporation by serving a director. *Zweig v. Yosi, Inc.*, No. C 17-05624 WHA, 2019 WL 4394417, at *3 (N.D. Cal. Sept. 13, 2019).

Here, unlike *Zweig*, there is no indication that Thabit is an officer, that any officer actually received notice of the lawsuit, or that service was achieved under an alternative state law provision. Accordingly, the Court finds *Zweig* distinguishable.

Turning to the general requirements of Rule 4(h)(1)(B), "[c]ourts have held that directors of corporations are not officers or other agents of the corporation for purposes of Rule 4." *Romand v. Zimmerman*, 881 F. Supp. 806, 810 (N.D.N.Y. 1995); *Pac. Lanes, Inc. v. Bowling*

4

*Proprietors Ass'n of Am.*, 248 F. Supp. 347, 349 (D. Or. 1965) ("Generally, a director is not considered as a 'managing agent', as such, or other corporate representative, as is subject to service of process."); § 1102 Service of Process on Organizational Officer, 4A Fed. Prac. & Proc. Civ. § 1102 (4th ed.) ("On the other hand, courts have held that a director of a corporation or a trustee and presumably anyone of similar status in other entities, absent other duties, is not an 'officer' or other agent of the organization for purposes of Rule 4(h)."). As noted above, in the Ninth Circuit, the inquiry is not whether persons served under Rule 4(h)(1)(B) are "officially designated officers, managing agents, or agents appointed by law for the receipt of process"; rather, the appropriate inquiry is whether the persons are so integrated within the organization that they will know what to do with service of process, which generally requires a factual analysis of that person's authority in the organization. *Direct Mail Specialists, Inc.*, 840 F.2d at 688.

As far as facts, Plaintiff's supplement states that Thabit is one of two directors for Defendant. (ECF No. 29, p. 3). From this, Plaintiff concludes that Thabit "exercises sufficient control over [Defendant] such that serving him with the summons and complaint is reasonably calculated to provide notice to [Defendant]." (*Id.*).

According to the Corporation – Statement of Information attached to the motion for default judgment, Adel Mohamed is Defendant's chief executive officer, secretary, chief financial officer, agent for service of process, and a director. (ECF No. 26-3, pp. 14-16). By contrast, Thabit is only a director in the corporation. Given the broad description of duties by the other, non-served, director, the Court cannot conclude merely because there are only two directors that Thabit exercises sufficient control over Defendant.

In short, the Court concludes that while a director might be a proper person for service under Rule 4(h)(1)(B) in some cases, there are not enough facts alleged here for Plaintiff to meet his burden of establishing that service upon Thabit is sufficient to achieve service on Defendant. *See Rodriguez v. Lehigh Sw. Cement Co.*, No. 14-CV-03537-LHK, 2015 WL 1325528, at *3 (N.D. Cal. Mar. 24, 2015) (concluding that serving papers on employee identified as "Director— Stove, Furnace, Energy Allied Workers Division Services" and as "International Representative—Industrial Sector Operations," without further facts regarding the employee's

role, was insufficient to establish proper service on Defendants under Rule 4(h)(1)(B)); *Aussieker*, 2019 WL 2183783, at *3 ("Beyond [the] title [of manager]—which could mean many different things depending on the business's size and structure—there is no indication of McCloud's particular role at M&S. Without more information as to McCloud's authority within the company, the undersigned cannot conclude that M&S was properly served [in part, under Rule 4(h)(1)(B)] by leaving the service papers with him.").

### B. California Law

Federal Rule of Civil Procedure 4(h)(1)(A) provides that "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served" by a plaintiff "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

As an initial matter, Plaintiff does not cite any specific provision of California law under which service was achieved despite the Court's prior order directing him to do so in his supplement. (ECF No. 28, p. 3) ("Plaintiff may argue that service was properly achieved under a separate provision by *specifically identify[ing] such provision and addressing how service was met under the provision's requirements for service*.") (emphasis added). However, the Court notes that Plaintiff argues that "[s]ervice on a corporation's director satisfies the requirements for service on the corporation . . . under California law," citing *Stockfood Am., Inc. v. Sequoia Wholesale Florist, Inc.*, No. 20-CV-03507-DMR, 2021 WL 4597080, at *1 (N.D. Cal. June 22, 2021). (ECF No. 29, p. 2). Plaintiff also argues that Thabit, as one of two directors for the corporation, can be considered a "general manager" as used in § 416.10(b) because Thabit has such a rank as to make it reasonably certain that Defendant would be apprised of service. (ECF No. 29, p. 3).

In California, "strict compliance with statutes governing service of process is not required. Rather, in deciding whether service was valid, the statutory provisions regarding service of

process should be liberally construed to effectuate service and uphold the jurisdiction of the court if actual notice has been received by the defendant." *Gibble v. Car-Lene Rsch., Inc.*, 67 Cal. App. 4th 295, 313 (1998). Under § 416.10(b), a corporation may be served by delivering a copy of the summons and complaint "[t]o the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." The term "general manager" extends to any agent "of sufficient character and rank to make it reasonably certain that the defendant will be apprised of the service made." *Schauf v. Am. Airlines*, No. 1:15-CV-01172-SKO, 2015 WL 5647343, at *4 (E.D. Cal. Sept. 24, 2015) (internal citations omitted). Such an inquiry necessarily requires some factual information about a person's position. *See Aussieker*, 2019 WL 2183783, at *3 (noting that more information was needed as to person's authority within company to establish service under § 416.10).

Regarding Plaintiff's reliance on *Stockfood*, the Court notes that, while the person in the case is identified as a director of the corporation, the person is also referred to as the "head." 2021 WL 4597080, at *3; *see* § 416.10(b) (authorizing service on "president, chief executive officer, *or other head of the corporation*") (emphasis added). Additionally, the Court's review of California law indicates that service on a person identified as a director is not alone a sufficient basis to find proper service under § 416.10(b). Instructive here is *Pasadena Medi-Ctr. Assocs. v. Superior Ct.*, 9 Cal. 3d 773 (1973).[2] In that case, Plaintiff served a person who Plaintiff thought to be a corporation's "secretary-treasurer." *Id.* at 775. However, the person, "although a corporate director, was not and had never been secretary-treasurer." *Id.* at 776. The directors of the corporation discussed the case and agreed not to contest the action, leading to a default judgment, which the corporation later sought to set aside. *Id.* In evaluating the sufficiency of service, the

---

[2] This case addressed a prior but similar version of § 416.10(b), which authorized service on "the president or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a general manager, or a person authorized by the corporation to receive service of process." *Pasadena Medi-Ctr. Assocs.*, 9 Cal. 3d at 779 n.4.

Court concluded that, under the principle of ostensible authority, the corporation's representation of the director as its secretary-treasurer conferred on the person the authority to accept service on the corporation's behalf. *Id.* at 775. That Court did not hold that director of the corporation was itself a basis for proper service and its reliance on the principle of ostensible authority suggests that the director title alone was not sufficient.

With this authority in mind, the Court concludes that Thabit's rank as one of two directors for Defendant is not enough to consider him a "general manager" under § 416.10(b).

Lastly, the Court notes that Plaintiff summarily cites the following statement from *Pulte Homes Corp. v. Williams Mech., Inc.*, 2 Cal. App. 5th 267, 274 (2016) as supporting proper service in this case: "Presumably notice to the board of directors or to the president of a corporation would be sufficient to constitute actual notice; indeed, in the case of a functioning corporation, it is arguable that it is necessary." (ECF No. 29, p. 3). However, *Pulte* did not concern the adequacy of service of process to support a default judgment but instead addressed whether there was a lack of actual notice to a defendant corporation in order to set aside a default judgment. *Pulte Homes Corp.*, 2 Cal. App. 5th at 274. Notably, there was no dispute that the corporation had been served through its designated agent for service of process. *Id.* at 269. The question was instead whether California Code of Civil Procedure § 473.5(a)—which permits a party to file a motion to set aside a motion for default judgment "[w]hen service of a summons has not resulted in actual notice to a party in time to defend the action"—was applicable. *Id.* at 273. Indeed, California law recognizes a difference in the requirements of what establishes proper service of a corporation under § 416.10 and what constitutes actual notice for purposes of § 473.5(a). *Ken Okuyama Design USA, Inc. v. R Motor Co.*, No. B312936, 2022 WL 1674561, at *4 n.5 (Cal. Ct. App. May 26, 2022) (unpublished) ("As for Code of Civil Procedure section 416.10, upon which the trial court and plaintiff also relied, the statute is irrelevant to the question of actual notice, because it simply identifies those persons to whom the summons and complaint may be delivered to effect service upon a corporation.").

## IV.    RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that Plaintiff's motion for default

1 | judgment (ECF Nod. 26, 29) be denied.

2 | These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citng *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 29, 2022**            /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE